## VALIDITY OF FINDING AS TO THE OWNERSHIP OF PROPERTY.

Court of Common Pleas of Franklin County.

STATE, EX REL LEONA SONNANSTINE, v. HOMER Z. BOSTWICK.

Decided, 1915.

*Execution—Three-Fourths Jury Law—Not Applicable Where the Issue Submitted is the Right of Property Levied Upon, Under an Execution—Order of Justice May be Reviewed on Error.*

The finding of five disinterested electors to whom has been submitted the determination of the right of property levied upon under an execution is not governed by the three-fourths jury law, and mandamus will not lie to compel a justice of the peace to render judgment on a finding of the five electors so impanneled, but such an order may be reviewed on error in the common pleas court.

*Joy H. Hunt,* for plaintiff.
*C. E. Blanchard,* contra

KINKEAD, J.

This action is brought to require the defendant, as justice of the peace, to render judgment upon what is claimed to have been a legal verdict in proceedings in the trial of right of property, under Section 11742, General Code. Under an execution issued in *Midland Grocery Company* v. *W. W. Tootle,* the sheriff levied upon an automobile alleged to have been owned by the relator. The defendant, as justice, summoned five jurors, who after deliberation returned with a verdict signed by only four men. The justice instructed them to return for further consideration, and that the verdict should be unanimous. They returned the foreman stating that they could not agree upon a verdict. The verdict signed by the four was lodged with the justice, and is among the papers now before the court. All of the jurors gave testimony, the four who signed the verdict, that it was their verdict, while the fifth, the foreman,

stated that it was not his verdict. The cause was continued, and a new jury was summoned, whereupon this proceeding was brought to test the question. It is claimed by defendant that this is not the proper remedy, but that error should have been prosecuted.

The question is whether under an act passed February 6, 1913 (103 O. L., 13), relative to three-fourths jury applies to this kind of a proceeding.

The character of this proceeding must first be determined before either the propriety of the remedy pursued herein, or the applicability of the amended jury law, can be decided.

Section 10223, General Code, provides:

Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they reside.

Other statutes confer jurisdiction in particular matters, such as solemnization of marriages, acknowledgments, in forcible entry and detainer, attachments, garnishment, over non-resident, etc. Sections 10224, 10225, General Code.

Justices of the peace are given exclusive original jurisdiction in civil actions for the recovery of sums not exceeding $100, etc. Section 10226, General Code.

Exclusive jurisdiction is given in replevin (Section 10230, General Code) and in certain actions in which the title to real estate may be drawn in question, trespass, proportion of expense in obtaining evidence in surveys to fix corners or settle boundary lines, Section 10231, General Code.

Provision is made for the commencement of actions, summons, service, etc. (Section 10233, General Code), for an order of attachment "in a civil action before a justice" (Section 10253, General Code), and garnishment therein.

"In all cases before a justice," a bill of particulars of the demand is to be filed (Section 10303, General Code) which must state the cause of action (Section 10304, General Code). Detailed provision is made for the trial of civil actions, for a jury, verdict, and the usual matters pertaining to the same, for judgment, appeals, etc.

Section 10382, General Code, provides:

"In all cases, not otherwise specially provided for by law, either party may appeal, from the final judgment of a justice of the peace," etc.

Special provision is made for procedure in forcible entry and detainer (Section 10447, General Code, *et seq.*), for replevin (Section 10462, General Code), without special designation as to the nature or character of such cases. But of course they are civil cases or actions.

The proceeding authorized by Sections 11741, 11742 and 11743, General Code, is a civil proceeding for the trial of the right of property upon which a levy of execution from a court of record has been made. It is not a civil action in the sense that the actions, or civil actions, provided for by the statutes prescribing the jurisdiction of justices. When ownership of the property is claimed by one other than the execution defendant, the execution officer is required to give written notice to a justice of the peace, setting forth the names of plaintiff and defendant, and a schedule of the property.

It is then made the duty of the justice to immediately make an entry on his docket, and issue a summons, directed to the sheriff or any constable of the county, commanding him to summon five disinterested men, electors, to appear to try and determine the claimant's right of property.

The justice is required to enter the receipt of the notice and schedule, and to make an entry on his docket. He must then issue a summons directed to the sheriff or a constable for five disinterested men, who are electors, to try and determine the claimant's right to the property in controversy. The claimant is required to give two days' notice of the trial to the party in whose favor the execution was issued.

"If the jury finds that the right to the goods and chattels, in whole or in part, is in the claimant, they also shall find the value thereof, and the justice shall render judgment upon such finding for the claimant, that he recover his costs against the plaintiff in execution, * * * and also have restitution of

the goods and chattels, * * * according to the finding of the jury,'' etc.

If the jury fails to agree, costs are taxed, and another jury shall be summoned as before.

This is what may be appropriately designated as a civil case or proceeding; it is not a civil action according to the ordinary acceptation of that term. A civil action in the justice court prescribed by statute is analogous to the common law civil action, commenced in the same way, and attended with the same procedural incidents. In such actions the function of the justice and the jury are like those of a court of general jurisdiction.

This proceeding to try the right of property is not like the civil action; it is not commenced in the same way, no summons is issued to the parties. The claimant does not immediately commence the proceeding before the justice, this being done by the execution officer. Notice of the hearing by the party is given by the claimant.

The precise nature of the proceeding must be first determined in order to decide whether the remedy in mandamus is appropriate as well as whether the three-fourths jury law applies. It was treated as a statutory remedy, in *Patty* v. *Mansfield*, 8 Ohio, 369. And it was considered that the party was concluded or bound by it, so far as the officer is concerned. If he pursue this method and fail to establish this right, he may not be allowed in a subsequent proceeding against the officer to show his right to it. *Abbey* v. *Searls*, 4 Ohio St., 598; *Ralston* v. *Cursler*, 12 Ohio St., 105.

A justice of the peace is given jurisdiction in ''criminal cases'' as provided by statute, Section 13422, General Code.

An appeal can be taken in civil cases tried to a jury when more than $20 is claimed (Section 10354, General Code). But no appeal can be allowed in trials of the right of property under the statute either levied upon by execution or attached (Section 10396, General Code).

An order made by a justice of the peace may be heard on error by the court of common pleas (Section 12241, General

Code). *Abbey* v. *Searls,* 4 Ohio St., 598; *Jones* v. *Wilson,* 16 Ohio St., 420, are cases where error was prosecuted.

Section 10350, General Code, as amended 103 O. L., 13, provides that in all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. Section 10350 is part of the chapter relating to "Trial, and its incidents" before justices of the peace.

Sections 11741-11743 are part of the civil code, and apply to cases of execution where the sheriff is executing the process. Sections 10371-10373 apply to executions made by the constables in justice's court. The fact that Sections 11741-11743 under which this proceeding was had is part of the civil code of procedure applicable to the common pleas court, and that there are separate sections applicable to justice's court demonstrates that it is to be regarded as a statutory proceeding in which power is conferred upon a justice of the peace to issue a summons, empanel a jury and enter judgment upon its verdict. It is not a civil action or civil case such as contemplated by Section 10350 of the justice's code wherein it is now provided that a three-fourths verdict may be rendered by a jury.

It must be concluded also that mandamus is not the appropriate remedy in view of the provision made that any order made by a justice of the peace may be reversed by the common pleas court. Section 12241, General Code.

The finding and judgment is against the relator and in favor of defendant.